IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 14, 2025

## STATE OF TENNESSEE v. MONTREAL PORTIS ROBINSON

**Appeal from the Circuit Court for Madison County**
No. 17-242-B          Kyle C. Atkins, Judge

————————————————————

**No. W2024-00245-CCA-R3-CD**

————————————————————

The defendant, Montreal Portis Robinson, appeals the twenty-five-year sentence imposed by the trial court upon resentencing for his second-degree murder conviction arguing the trial court imposed an excessive sentence. Upon our review of the record and applicable law, we affirm the judgment of the trial court. However, our review has revealed a possible issue as to the sentences imposed in Counts 5 and 6, and we remand for the trial court to make further findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR. and MATTHEW J. WILSON, JJ., joined.

Alexander D. Camp, Jackson, Tennessee, for the appellant, Montreal Portis Robinson.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jody Pickens, District Attorney General; and Bradley F. Champine and Nina W. Seiler, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

In May 2017, the defendant was indicted for first-degree premeditated murder (Count 1), first-degree felony murder during the attempt to perpetrate a theft (Count 2), first-degree felony murder during the attempt to perpetrate a robbery (Count 3), first-degree felony murder during the attempt to perpetrate a kidnapping (Count 4), especially aggravated kidnapping (Count 5), especially aggravated robbery (Count 6), and theft of

property valued between $10,000 and $60,000 (Count 7). *State v. Robinson*, 2023 WL 2669906, at *1 (Tenn. Crim. App. Mar. 29, 2023). The charges arose out of the defendant's involvement in the kidnapping and murder of Louis Martez Jones, during which Mr. Jones's car was stolen by some of the defendant's associates for purposes of paying off a drug debt. *Id.* A complete recounting of the unsettling facts can be found in our original direct appeal opinion. *Id.* at *1-*5.

A trial was conducted in April 2018, after which the jury convicted the defendant of first-degree felony murder during the attempt to perpetrate a theft in Count 2, especially aggravated kidnapping in Count 5, the lesser-included offense of robbery in Count 6, and theft of property in Count 7. *Id.* at *1 and *5. The jury could not reach a unanimous verdict on the remaining counts, and those charges were ultimately dismissed. *Id.* at *5. The jury imposed a life sentence without the possibility of parole for the felony murder conviction, and, with regard to the remaining convictions, the trial court imposed an effective sentence of thirty-three years served consecutive to the life sentence. *Id.*

On direct appeal, this Court affirmed the defendant's convictions for especially aggravated kidnapping and robbery but determined that the evidence was insufficient to support the defendant's convictions for theft and felony murder in the perpetration of a theft. *Id.* at *10-*11. Accordingly, this Court dismissed the theft conviction and modified the felony murder conviction to that of second-degree murder as a lesser-included offense. *Id.* at *10, *15. This Court remanded for the trial court to conduct a sentencing hearing on the defendant's conviction for second-degree murder. *Id.* at *18.

At the resentencing hearing, the defendant's presentence report was entered into evidence, as well as certified copies of the defendant's 2016 convictions for robbery and aggravated robbery that were not included in the presentence report. The presentence report detailed the defendant's prior adult misdemeanor convictions, prior juvenile adjudications for aggravated burglary, theft, and aggravated robbery, and disciplinary actions he had received while incarcerated. According to the presentence report, the defendant was a confirmed member of the Gangster Disciples and was "assessed with Tennessee's Validated Risk Assessment, resulting in a risk score of high for violence." The trial court reviewed the enhancement factors, finding six applicable, and found no applicable mitigating factors.

The State asserted that the defendant qualified as a Range II offender, and the trial court imposed a maximum Range II sentence of forty years on the second-degree murder conviction. However, the trial court conducted another hearing five months later during which the State acknowledged that due to the timing of the defendant's prior convictions, the defendant should have been sentenced as a Range I offender. The court determined that "[b]ased on the statements made at the previous sentencing hearing and the same

reasons I sentenced him at the high end of Range II, I would apply those same thoughts, arguments, and Sentencing Guidelines to sentence him at the top end of Range I." Accordingly, the trial court imposed a twenty-five-year sentence.

## *Analysis*

On appeal, the defendant argues that the twenty-five-year sentence imposed by the trial court on resentencing was excessive and that the trial court should have imposed the minimum sentence of fifteen years. The State responds that the record supports the trial court's sentencing determination. We agree with the State.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. Tenn. Code Ann. §§ 40-35-113, -114, -210(b). In addition, the court must consider the defendant's potential for rehabilitation, and "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4), (5).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Id.* at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is

otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the appropriate sentence, the trial court explicitly stated that it was considering the evidence presented at the trial, the evidence presented at the original sentencing hearing and resentencing hearing, the presentence reports from both hearings, the principles of sentencing, arguments made by the parties as to the sentencing alternatives, the nature and characteristics of the criminal conduct involved, the evidence and information offered on mitigating and enhancement factors, statistical information from the Administrative Office of the Courts, and the defendant's potential for rehabilitation.

The court found that no mitigating factors and six enhancement factors applied. First, the court determined that the defendant had a previous history of criminal convictions or criminal behavior in addition to that necessary to establish his range. Tenn. Code Ann. § 40-35-114(1). The defendant's prior criminal history includes convictions for driving offenses, unlawful possession of a weapon, and 2016 convictions for robbery and aggravated robbery. The defendant has also had several disciplinary actions while incarcerated for possessing a deadly weapon, assault of a staff person without a weapon, possessing or using a tobacco product, and possessing or selling drugs.

Second, the court determined that the defendant was the leader in the commission of an offense involving two or more criminal actors, observing that "the proof . . . indicated . . . that [the defendant] was pretty much calling the shots." *Id.* § 40-35-114(2). The record shows that the defendant told two of his associates that the victim needed to be killed. *Robinson*, 2023 WL 2669906, at *2. During the course of the robbery, it was the defendant who called the victim and said, "If you don't go in there and act right, I'm going to come up there and f*ck up your whole family." *Id.* at *3. After shooting the victim himself, the defendant informed two of his associates that "they 'all had to shoot' the victim." *Id.* Later, the defendant called one of his associates and "instructed him to find the broken stock of the shotgun." *Id.* at *4. The defendant told one of his associates that he wanted to kill one of the other associates because the defendant thought that person would talk to the police. *Id.* The defendant asked the same associate to hide the shotgun used in the murder for him. *Id.*

Third, the court found that the defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of the offense in that, after he had already

shot the victim several times, he ordered the others to shoot the victim as well. Tenn. Code Ann. § 40-35-114(5). Fourth, the court found that the defendant possessed or employed a firearm during the commission of the murder. *Id.* § 40-35-114(9). Fifth, the court found that the defendant had no hesitation about committing a crime when the risk to human life was high. *Id.* § 40-35-114(10). The court explained that having others participate in shooting the victim created such risk. Sixth, the court found that the defendant committed offenses as a juvenile that would have been felonies if committed by an adult. *Id.* § 40-35-114(16). The record shows that the defendant's juvenile history consists of adjudications for aggravated burglary, theft of property, and aggravated robbery.

The trial court concluded that based on the number of enhancement factors, the evidence from trial, and "the fact that since [the defendant] has been in custody he's had three – four other disciplinary infractions including one that was a crime of violence against staff where he was being house at the time," that the defendant should be sentenced at the high end of the range. Contrary to the defendant's assertion, we note that defendants are not entitled to the minimum sentence in a range, as trial courts have the discretion "to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" *Carter*, 254 S.W.3d at 343 (quoting Tenn. Code Ann. § 40-35-210(d)). The trial court's ruling was consistent with the applicable statutes, reflected the purposes and principles of sentencing, and was supported by the proof presented. Accordingly, the trial court's sentence is presumed reasonable, and we conclude there was no abuse of discretion.

Though not raised by either party, our review of the record reveals that the defendant was sentenced as a Range II offender in Counts 5 and 6, which seems inconsistent with his sentencing as a Range I offender in Count 2, the matter at hand. Therefore, we remand for the trial court to make findings as to the appropriate sentencing range for Counts 5 and 6 and resentencing if necessary.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the sentence of twenty-five years imposed by the trial court in Count 2 and remand for action in accordance with this opinion regarding Counts 5 and 6.

s/ J. ROSS DYER_____
J. ROSS DYER, JUDGE